# UNITED STATES DISTICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKANSKA USA BUILDING, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE HARTFORD ROOFING COMPANY, INC. and ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC. d/b/a ST. PAUL SURETY, <br><br> Defendants. | CIVIL ACTION NO. 04-12538 DPW |

MAGISTRATE JUDGE_____

RECEIPT _____
AMOUNT $ 150.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. MS
DATE 12/3/04

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446, the defendant, St. Paul Fire & Marine Insurance Company, Inc. ("St. Paul"), hereby files and submits this Notice of Removal relative to the above referenced matter. In support of this Notice, St. Paul states as follows:

The plaintiff, Skanska USA Building, Inc. ("Skanska"), commenced this lawsuit against the St. Paul and Hartford Roofing Company, Inc. ("Hartford") in the Massachusetts Superior Court (Suffolk County) on November 4, 2004. A true and correct copy of Skanska's Complaint is attached hereto as <u>Exhibit A</u>. St. Paul received notice of the commencement of this action on or about November 5, 2004.

According to the Complaint, Skanska is a corporation organized under the laws of the State of Deleware, with a principal place of business in Boston, Massachusetts. Hartford is a corporation organized under the laws of the State of Connecticut, with a principal place of business in Glastonbury, Connecticut. St. Paul is a corporation organized under the laws of the State of Minnesota, with a principal place of business in St. Paul, Minnesota.

The amount in controversy is in excess of $75,000, exclusive of interest and costs. Accordingly, the Court has jurisdiction over this civil action based upon diversity of citizenship and amount in controversy, see 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441.

WHEREFORE, St. Paul Fire & Marine Insurance Company hereby removes this action to the United States District Court for the District of Massachusetts (Eastern Division) pursuant to the governing statutes.

Respectfully submitted,

ST. PAUL FIRE & MARINE INSURANCE COMPANY,

By its attorneys,

Thomas H. Hayman (BBO#557279)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: (617) 217-5209
Fax: (617) 217-5200

**CERTIFICATE OF SERVICE**

I, Eric H. Loeffler, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, this 2nd day of December, 2004, upon the following:

Stanley A. Martin, Esq.
Brett D. Carroll, Esq.
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

Eric H. Loeffler (BBO#641289)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Skanska USA Building, Inc.

(b) County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stanley A. Martin, Esq.
Brett D. Carroll, Esq.
Holland & Knight LLP
10 St. James Avenue, Boston, MA 02116

**DEFENDANTS**

The Hartford Roofing Company, Inc. and St. Paul Fire & Marine Insurance Company, Inc., d/b/a St. Paul Surety

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-12538-DPW

Attorneys (If Known)
Thomas H. Hayman, Esq.
Eric H. Loeffler, Esq.
Cetrulo & Capone LLP
Two Seaport Lane, Boston, MA 02210

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act / FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation / ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act / ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

St. Paul Fire & Marine Insurance Company removes this breach of contract action pursuant to 28 USC §1332 and 28 USC §1441.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $       CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE        DOCKET NUMBER

DATE 12/2/04    SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Skanska USA Building, Inc. v. The Hartford Roofing Company, Inc. et. al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   **04  12538 DPW**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐  NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eric H. Loeffler, Esq.__
ADDRESS __Cetrulo & Capone LLP, Two Seaport Lane, Boston, MA 02210__
TELEPHONE NO. __617-217-5373__

(Coversheetlocal.wpd - 10/17/02)

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
Civil Action No.

SKANSKA USA BUILDING, INC.

    Plaintiff,

v.

THE HARTFORD ROOFING COMPANY, INC. and ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC. d/b/a ST. PAUL SURETY

    Defendants.

COMPLAINT OF SKANSKA USA BUILDING, INC.

04-4823

## INTRODUCTION

This is an action by a construction general contractor, Skanska USA Building, Inc. ("Skanska"), against its subcontractor, The Hartford Roofing Company, Inc. ("Hartford"), for specific performance, breach of contract, and breach of the covenant of good faith and fair dealing arising out of a subcontract between the parties on the Massachusetts Biologic Laboratories Project (the "Project"), and against Hartford's surety, St. Paul Fire & Marine Insurance Company d/b/a St. Paul Surety ("St. Paul"), for monies and expenses incurred as a result of Hartford's failure to execute work pursuant to the terms of the subcontract with Skanska.

## PARTIES

1.    Plaintiff, Skanska, is a foreign corporation, organized under the laws of the State of Delaware, with a principal place of business in Massachusetts at 270 Congress Street, Boston, Suffolk County, Massachusetts.

2. Defendant, Hartford, is a foreign corporation organized under the laws of the State of Connecticut, authorized to conduct business in the Commonwealth of Massachusetts, and conducting business at 53 Evans Drive, Stoughton, Norfolk County, Massachusetts.

3. Defendant, St. Paul, is, upon information and belief, a foreign corporation organized under the laws of the State of Minnesota authorized to conduct surety business in the Commonwealth of Massachusetts, with a place of business at 124 Grove Street, Suite 311, Franklin, Norfolk County, Massachusetts.

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon this Court pursuant to M.G.L. ch. 212, § 4.

5. Venue is properly laid in Suffolk County pursuant to M.G.L. ch. 223, §§ 1, 8.

## GENERAL ALLEGATIONS

### The Subcontract

6. On June 30, 2004, Hartford submitted a Bid and Qualification Proposal (the "Bid") to Skanska in response to Skanska's request for bids for construction work to be performed on the Massachusetts Biologic Laboratories Project in Mattapan, Suffolk County, Massachusetts.

7. Pursuant to the terms of its Bid, Hartford agreed to enter into an executed contract with Skanska if Skanska accepted the Bid.

8. On August 21, 2003, Skanska verbally and in writing notified Hartford that Hartford's Bid was accepted, and that Hartford had been awarded the subcontract with respect to the roofing work to be performed on the Project (hereinafter the "Subcontract").

9. Skanska and Hartford entered into a written Subcontract on or about August 21, 2004 reflecting the terms contained in the Bid submitted by Hartford to Skanska. A true and correct copy of Subcontract No. 551309-417 is attached hereto as Exhibit "A."

2

10. All material terms to the Subcontract, including price, schedule, scope of work, and business and risk allocation terms, were agreed upon by Skanska and Hartford pursuant to the Bid submitted by Hartford and accepted by Skanska.

11. Neither party signed the Subcontract, but both parties acted pursuant to the terms contained therein as if it was fully executed. Upon information and belief, Hartford signed the Subcontract and/or maintains the same in its possession, custody, and control.

## The Performance Bond

12. Pursuant to the terms of its Bid, Hartford agreed to obtain performance and payment bonds for the Project naming Skanska as obligee.

13. The Subcontract required Hartford to obtain performance and payment bonds for the Project naming Skanska as obligee.

14. On July 25, 2003, St. Paul, Hartford's surety, provided Skanska with a Letter of Intent to provide performance and payment bonds for Hartford stating that St. Paul would issue a Performance Bond and a Labor and Material Payment Bond immediately upon Skanska's acceptance of Hartford's Bid. A true and correct copy of the July 25, 2003 letter is attached hereto as Exhibit "B."

15. Upon information and belief, St. Paul issued, signed, and delivered a performance bond, No. 400TB9603 (the "Performance Bond"), to Hartford in relation to the work to be performed on the Project, naming Skanska as obligee.

16. Upon information and belief, Hartford signed the Performance Bond and/or maintains the same in its possession, custody, and control.

17. St. Paul has from time to time solicited a status report from Skanska, relative to the work to be performed by Hartford, and on each occasion has referenced the Performance Bond. St. Paul is estopped to deny that it has issued the Performance Bond.

3

## Hartford's Failure to Perform

18. In late September and early October, 2003, Hartford refused to perform its work in accordance with the Subcontract. Its failures to perform include:

(a) failing to deliver timely submittals to Skanska;

(b) failing to order materials required for the Project;

(c) failing to commence any work pursuant to the terms of the Subcontract;

(d) failing, after notice from Skanska, to remedy the defaults in its performance;

(e) failing to notify Skanska that it had shut down its operations and that it was no longer in the business of installing roofs or managing work of any kind; and

(f) abandoning the Project without warning or justification, prior to completion of its work under the Subcontract.

19. By letter dated October 22, 2003, Skanska served Hartford with a Notice to Cure demanding that Hartford properly and diligently pursue the work agreed upon under the Subcontract within forty eight (48) hours or the Subcontract would be terminated. St. Paul was copied on the Notice to Cure.

20. Hartford refused and failed to cure its breaches under the Subcontract, and on November 4, 2003, Skanska delivered notice to Hartford that Subcontract No. 551309-417 was terminated for default. St. Paul was copied on the Notice to Terminate.

21. As a result of Hartford's failure to perform and abandonment of the Project, Skanska has suffered damages including costs and expenses in having to arrange for the completion of Hartford's work, the incurred costs for completing the work, and excess costs for completing the work above the Subcontract price.

4

## Skanska's Claim to St. Paul Against the Performance Bond

22. By letter dated October 21, 2003, Skanska gave notice to St. Paul of Hartford's abandonment of the Project, and Skanska's intent to make a claim against the Performance Bond.

23. Skanska demanded that St. Paul perform its obligations under the Performance Bond.

24. St. Paul refused to perform its obligations under the Performance Bond, and improperly denied Skanska's claim.

25. As a result of St. Paul's failure to perform its obligations under the Performance Bond, Skanska has incurred significant damages.

## Conditions Precedent

26. All other conditions precedent to the institution of this action have occurred, been satisfied or waived, or otherwise excused.

## Count I – Specific Performance
### (Hartford)

27. Skanska incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Skanska and Hartford agreed to all materials terms to the Subcontract, and entered into the Subcontract on August 21, 2003.

29. The Subcontract is supported by adequate and sufficient consideration, and its terms are reasonable, clear, and ascertainable.

30. At all times relevant to the Subcontract, Skanska was ready, willing, and able to perform its obligations owed under the Subcontract, but Hartford abandoned the Project.

31. Pursuant to the terms of the Subcontract, Hartford was required to obtain a performance bond for the Project.

5

32. Hartford's surety, St. Paul, issued Skanska a Letter of Intent confirming that the Performance Bond would be issued in the full amount of the Subcontract.

33. Hartford failed to fulfill its obligations to Skanska under the Subcontract by not providing Skanska with a copy of the Performance Bond issued by Hartford for the Project naming Skanska as obligee.

34. St. Paul improperly denied Skanska's claim against the Performance Bond contending that Hartford did not sign the Subcontract or the Performance Bond.

35. Equity requires Hartford to sign and return the already agreed upon Subcontract, or requires the Court to deem the Subcontract signed as a matter of law since: (1) all material terms to the Subcontract were agreed upon by the parties; (2) Hartford agreed to enter into the Subcontract with Skanska when its Bid was accepted; and (3) Hartford acted pursuant to the terms and obligations of the Subcontract at all times relevant.

36. Equity requires Hartford to sign and/or deliver the already executed Performance Bond to Skanska in accordance with the terms of the Subcontract, or requires the Court to deem the Performance Bond executed as a matter of law since: (1) St. Paul issued a Letter of Intent to Skanska confirming that the Performance Bond would be issued; (2) the Subcontract required Hartford to obtain a Performance Bond for the Project; (3) Hartford agreed to the terms of the Subcontract; (4) Hartford acted pursuant to the terms and obligations of the Subcontract at all times relevant; and (5) St. Paul issued, signed, and delivered the Performance Bond to Hartford (#400TB9603) naming Skanska as obligee.

37. Skanska has suffered significant damages as a result of Hartford's failure to fulfill its obligations under the Subcontract, and Skanska does not have an adequate remedy at law to require Hartford to sign and deliver the Subcontract and Performance Bond for the Project.

WHEREFORE, the Plaintiff, Skanska USA Building, Inc., respectfully requests that this Honorable Court enter a judgment in its favor and against Hartford requiring that Hartford either deliver the signed Subcontract and Performance Bond to Skanska, or deem that the Subcontract and Performance Bond are fully executed as a matter of law, award Skanska all attorneys' fees and costs incurred in having to bring this action, and for such other and further relief that the Court deems just and proper.

### Count II – Breach of Contract
(Hartford)

38. Skanska incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

39. Skanska and Hartford entered into the Subcontract on August 21, 2003.

40. During the course of the Project, Hartford failed and refused to perform its work in accordance with the Subcontract.

41. As a result of Hartford's breaches of the Subcontract, Skanska was required to take steps to complete Hartford's work, and incurred significant costs for the same.

42. Skanska is entitled to recover from Hartford the additional costs incurred as a result of Hartford's breach of its subcontract obligations.

43. The Subcontract provides for the award of attorneys' fees and costs arising out of any disputes thereunder.

WHEREFORE, the Plaintiff, Skanska USA Building, Inc., respectfully requests that this Honorable Court enter a judgment in its favor and against Hartford, awarding it damages incurred plus interest, attorneys' fees, and costs, and for such other and further relief that the Court deems just and proper.

7

### Count III – Breach of Covenant of Good Faith and Fair Dealing
(Hartford)

44. Skanska incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

45. Skanska and Hartford entered into the Subcontract for the Project on August 21, 2003.

46. Hartford breached the Subcontract and the covenant of good faith and fair dealing that is implied in every contract by failing to fulfill its obligations and responsibilities under the Subcontract.

47. As a result of Hartford's failure fulfill its obligations and responsibilities under the Subcontract in good faith, Skanska was required to take steps to complete Hartford's work, and incurred significant costs for the same.

WHEREFORE, the Plaintiff, Skanska USA Building, Inc., respectfully requests that this Honorable Court enter a judgment in its favor and against Hartford, awarding it damages incurred plus interest, attorneys' fees, and costs, and for such other and further relief that the Court deems just and proper.

### Count IV – Action Against Performance Bond
(St. Paul)

48. Skanska incorporates the allegations contained in paragraphs 1 through 26 above as if fully set forth herein.

49. As a result of Hartford's failures and refusals to perform under the Subcontract, Skanska had to arrange for the completion of Hartford's work, and incurred significant costs in the completion of the same. These costs resulted in excess costs for completing Hartford's work for which Skanska is entitled to recovery against the Performance Bond.

8

50. Skanska has complied with all obligations and has taken all actions necessary to enforce its rights under the Performance Bond against St. Paul, and St. Paul has wrongfully denied Skanska's claim.

51. St. Paul is jointly and severally liable, with Hartford, for the damages incurred by Skanska as a result of Hartford's failure to fully, timely, and properly perform its obligations under the Subcontract.

WHEREFORE, the Plaintiff, Skanska USA Building, Inc., respectfully requests that this Honorable Court enter a judgment in its favor and against Hartford for its contract damages, plus interest, attorneys' fees, and costs; and for such other and further relief that the Court deems just and proper.

## JURY DEMAND

The Plaintiff, Skanska USA Building, Inc., respectfully demands a trial by jury on all issues triable as of right to a jury.

Respectfully submitted,

SKANSKA USA BUILDING, INC.
By its attorney

Stanley A. Martin (BBO #543937)
Brett D. Carroll (BBO #640569)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Dated: November 4, 2004

# 2803995_v1

9