UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKANSKA USA BUILDING, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE HARTFORD ROOFING COMPANY, INC. and ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC. d/b/a ST. PAUL SURETY,<br><br>    Defendants. | CIVIL ACTION NO. 04-12538 DPW |

### ANSWER OF ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC. d/b/a ST. PAUL SURETY

NOW COMES the defendant, who should be identified as St. Paul Fire and Marine Insurance Company, and responds to the Complaint of Skanska USA Building, Inc. as follows:

### PARTIES

1.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.  Upon information and belief, St. Paul admits that Hartford is a Connecticut corporation and St. Paul states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3.  St. Paul admits the allegations contained in Paragraph 3 of the Complaint with respect to St. Paul Fire and Marine Insurance Company.

## **JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint states a conclusion of law to which no response by St. Paul is required.

5. Paragraph 5 of the Complaint states a conclusion of law to which no response by St. Paul is required.

## **RESPONSES TO GENERAL ALLEGATIONS**

6. Upon information and belief, St. Paul admits the allegations contained in Paragraph 6 of the Complaint.

7. St. Paul states that the Bid is a written document which speaks for itself.

8. Skanska's August 21, 2003 letter is a written document which speaks for itself. St. Paul states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8 of the Complaint.

9. St. Paul denies the allegations contained in Paragraph 9 of the Complaint.

10. St. Paul denies the allegations contained in Paragraph 10 of the Complaint.

11. St. Paul admits that neither the plaintiff nor Hartford signed a subcontract, and St. Paul denies that the plaintiff and Hartford acted as if the subcontract was fully executed. St. Paul states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of the Complaint.

12. Hartford's Bid is a written document which speaks for itself.

13. St. Paul denies that Hartford and Skanska ever entered into a subcontract.

14. St. Paul admits that it furnished the July 25, 2003 letter, a copy of which is attached as Exhibit B to the Complaint.

15. St. Paul admits that it signed a Performance Bond and provided it to Hartford.

16. Upon information and belief, St. Paul denies that Hartford signed the Performance Bond. St. Paul states that it is without knowledge or information sufficient to form a belief as to whether Hartford maintains the Bond in its possession, custody or control.

17. St. Paul admits that it has solicited a status report from Skanska and St. Paul denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. St. Paul states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. St. Paul states that Skanska's October 22, 2003 letter is a written document which speaks for itself. St. Paul denies that the plaintiff and Hartford entered into a subcontract and St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 of the Complaint.

20. St. Paul denies that the plaintiff and Hartford entered into a subcontract. St. Paul states that the plaintiff's November 4, 2003 letter is a written document which speaks for itself. St. Paul states that it is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21. St. Paul denies the allegations contained in Paragraph 21 of the Complaint.

22. The plaintiff's October 21, 2003 letter is a written document which speaks for itself.

23. St. Paul admits that it has received demands from the plaintiff but states that it does not have any obligations to the plaintiff, among other reasons, because the plaintiff and Hartford never entered into a subcontract; Hartford never signed and/or delivered a Performance Bond to the plaintiff; and St. Paul never received any consideration for a Performance Bond.

24. St. Paul denies the allegations contained in Paragraph 24 of the Complaint.

25. St. Paul denies the allegations contained in Paragraph 25 of the Complaint.

26. St. Paul denies the allegations contained in Paragraph 26 of the Complaint.

**Count I - Specific Performance**
(Hartford)

27. St. Paul incorporates herein by reference Paragraph 1 through 26 above.

28. St. Paul denies the allegations contained in Paragraph 28 of the Complaint.

29. St. Paul denies the allegations contained in Paragraph 29 of the Complaint.

30. St. Paul denies the allegations contained in Paragraph 30 of the Complaint.

31. St. Paul denies the allegations contained in Paragraph 31 of the Complaint.

32. St. Paul admits that it sent the July 25, 2003 letter, but denies the allegations contained in Paragraph 32 of the Complaint to the extent they seek to expand upon, interpret, modify or characterize the letter.

33. St. Paul denies the allegations contained in Paragraph 33 of the Complaint.

34. St. Paul denies the allegations contained in Paragraph 34 of the Complaint.

35. St. Paul denies the allegations contained in Paragraph 35 of the Complaint.

36. St. Paul denies the allegations contained in Paragraph 36 of the Complaint.

37. St. Paul denies the allegations contained in Paragraph 37 of the Complaint.

**Count II - Breach of Contract**
(Hartford)

38. St. Paul incorporates herein by reference Paragraph 1 through 26 above.

39. St. Paul denies the allegations contained in Paragraph 39 of the Complaint.

40. St. Paul denies the allegations contained in Paragraph 40 of the Complaint.

41. St. Paul denies the allegations contained in Paragraph 41 of the Complaint.

42. St. Paul denies the allegations contained in Paragraph 42 of the Complaint.

43. St. Paul denies the allegations contained in Paragraph 43 of the Complaint.

### Count III - Breach of Covenant of Good Faith and Fair Dealing
(Hartford)

44. St. Paul incorporates herein by reference Paragraphs1 through 26 above.

45. St. Paul denies the allegations contained in Paragraph 45 of the Complaint.

46. St. Paul denies the allegations contained in Paragraph 46 of the Complaint.

47. St. Paul denies the allegations contained in Paragraph 47 of the Complaint.

### COUNT IV - Action Against Performance Bond
(St. Paul)

48. St. Paul incorporates herein by reference Paragraphs 1 through 26 above.

49. St. Paul denies the allegations contained in Paragraph 49 of the Complaint.

50. St. Paul denies the allegations contained in Paragraph 50 of the Complaint.

51. St. Paul denies the allegations contained in Paragraph 51 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the statute of frauds.

### SECOND AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because the alleged principal, Hartford, never signed a Performance Bond.

### THIRD AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because no Performance Bond was ever delivered to the plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because the plaintiff never accepted any Performance Bond from St. Paul.

### FIFTH AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because neither the plaintiff nor Hartford signed any subcontract.

### SIXTH AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because the plaintiff and Hartford never had a valid and enforceable contract.

### SEVENTH AFFIRMATIVE DEFENSE

St. Paul does not have any liability to the plaintiff because St. Paul did not receive any consideration for any Performance Bond issued on behalf of Hartford for the benefit of the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Since the putative principal, Hartford, declined to sign and/or deliver a Performance Bond to the plaintiff, no suretyship could have arisen from any conduct or representations of the plaintiff and/or St. Paul.

### NINTH AFFIRMATIVE DEFENSE

One or more of the claims asserted in the Complaint fails to state a claim upon which relief may be granted such claim(s) and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### TENTH AFFIRMATIVE DEFENSE

Count IV of the Complaint fails to state a claim against St. Paul upon which relief may be granted and that claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

- 7 -

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate its alleged damages.

WHEREFORE, the defendant, St. Paul Fire and Marine Insurance Company, respectfully requests that this Court enter judgment in its favor on all claims asserted against St. Paul by the plaintiff, and that the Court award St. Paul its costs and such other relief as the Court deems just and appropriate.

    Respectfully submitted,

    ST. PAUL FIRE AND MARINE INSURANCE COMPANY,

    By its attorneys,


    /s/ Thomas H. Hayman
    Bradford R. Carver (BBO#565396)
    Thomas H. Hayman (BBO#557279)
    Eric H. Loeffler (BBO#641289)
    CETRULO & CAPONE LLP
    Two Seaport Lane, 10th Floor
    Boston, MA 02210
    Tel: (617) 217-5500
    Fax: (617) 217-5200

- 8 -

## CERTIFICATE OF SERVICE

    I, Thomas H. Hayman, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, this 5th day of January, 2004, upon the following:

Stanley A. Martin, Esq.  
Brett D. Carroll, Esq.  
HOLLAND & KNIGHT LLP  
10 St. James Avenue  
Boston, MA 02116

                                               /s/ Thomas H. Hayman  
                                               Thomas H. Hayman (BBO#557279)

02060-0122  
352440v1