UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKANSKA USA BUILDING, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>THE HARTFORD ROOFING COMPANY, INC. and ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC. d/b/a ST. PAUL SURETY,<br><br>      Defendants. | CIVIL ACTION NO. 04-12538 DPW |

## ANSWER OF THE HARTFORD ROOFING COMPANY, INC.

NOW COMES the defendant, St. Paul Fire and Marine Insurance Company ("St. Paul"), and files this answer on behalf of The Hartford Roofing Company, Inc. ("Hartford"), pursuant to authority granted by Hartford.

## PARTIES

1. St. Paul states that, upon information and belief, Hartford is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Upon information and belief, St. Paul admits on Hartford's behalf that Hartford is a Connecticut corporation. St. Paul is without sufficient knowledge or information to admit or deny on Hartford's behalf whether Hartford is authorized to conduct business in Massachusetts or whether Hartford conducts business in Norfolk County, Massachusetts.

3. St. Paul admits on Hartford's behalf the allegations contained in Paragraph 3 of the Complaint with respect to St. Paul Fire and Marine Insurance Company.

**JURISDICTION AND VENUE**

4. Paragraph 4 of the Complaint states a conclusion of law to which no response by Hartford is required.

5. Paragraph 5 of the Complaint states a conclusion of law to which no response by Hartford is required.

**RESPONSES TO GENERAL ALLEGATIONS**

6. St. Paul admits on Hartford's behalf the allegations contained in Paragraph 6 of the Complaint.

7. Hartford's Bid is a written document which speaks for itself.

8. Skanska's August 21, 2003 letter is a written document which speaks for itself. St. Paul is without sufficient knowledge or information to admit or deny on Hartford's behalf the remaining allegations contained in Paragraph 8 of the Complaint.

9. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 9 of the Complaint.

10. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 10 of the Complaint.

11. St. Paul admits on Hartford's behalf that neither the plaintiff nor Hartford signed a subcontract, and St. Paul denies on Hartford's behalf that the plaintiff and Hartford acted as if the subcontract was fully executed. St. Paul states that it is without knowledge or information sufficient to admit or deny on Hartford's behalf the remaining allegations contained in Paragraph 11 of the Complaint.

12. Hartford's Bid is a written document which speaks for itself.

13. St. Paul denies on Hartford's behalf that Hartford and Skanska ever entered into a subcontract.

14. St. Paul admits on Hartford's behalf that St. Paul furnished the July 25, 2003 letter, a copy of which is attached as Exhibit B to the Complaint.

15. St. Paul admits on Hartford's behalf that St. Paul signed a Performance Bond and provided it to Hartford.

16. Upon information and belief, St. Paul denies on Hartford's behalf that Hartford signed the Performance Bond. St. Paul states that it is without knowledge or information sufficient to admit or deny on Hartford's behalf whether Hartford maintains the Bond in its possession, custody or control.

17. St. Paul admits on Hartford's behalf that St. Paul has solicited a status report from Skanska and St. Paul denies on Hartford's behalf the remaining allegations contained in Paragraph 17 of the Complaint.

18. St. Paul states that it is without knowledge or information sufficient to admit or deny on Hartford's behalf as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19. St. Paul states on Hartford's behalf that Skanska's October 22, 2003 letter is a written document which speaks for itself. St. Paul denies on Hartford's behalf that the plaintiff and Hartford entered into a subcontract and St. Paul is without knowledge or information sufficient to admit or deny on Hartford's behalf the remaining allegations contained in Paragraph 19 of the Complaint.

20. St. Paul denies on Hartford's behalf that the plaintiff and Hartford entered into a subcontract. St. Paul states on Hartford's behalf that the plaintiff's November 4, 2003 letter is a

written document which speaks for itself.  St. Paul states that it is without knowledge or information sufficient to admit or deny on Hartford's behalf the remaining allegations contained in Paragraph 20 of the Complaint.

21. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 21 of the Complaint.

22. The plaintiff's October 21, 2003 letter is a written document which speaks for itself.

23. St. Paul admits on Hartford's behalf that St. Paul has received demands from the plaintiff but states that St. Paul does not have any obligations to the plaintiff, among other reasons, because the plaintiff and Hartford never entered into a subcontract; Hartford never signed and/or delivered a Performance Bond to the plaintiff; and St. Paul never received any consideration for a Performance Bond.

24. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 24 of the Complaint.

25. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 25 of the Complaint.

26. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 26 of the Complaint.

### Count I - Specific Performance
(Hartford)

27. St. Paul on Hartford's behalf incorporates herein by reference Paragraph 1 through 26 above.

28. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 28 of the Complaint.

29. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 29 of the Complaint.

30. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 30 of the Complaint.

31. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 31 of the Complaint.

32. St. Paul admits on Hartford's behalf that it sent the July 25, 2003 letter, but denies the allegations contained in Paragraph 32 of the Complaint to the extent they seek to expand upon, interpret, modify or characterize the letter.

33. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 33 of the Complaint.

34. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 34 of the Complaint.

35. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 35 of the Complaint.

36. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 36 of the Complaint.

37. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 37 of the Complaint.

### Count II - Breach of Contract
(Hartford)

38. St. Paul on Hartford's behalf incorporates herein by reference Paragraph 1 through 26 above.

39. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 39 of the Complaint.

40. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 40 of the Complaint.

41. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 41 of the Complaint.

42. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 42 of the Complaint.

43. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 43 of the Complaint.

**Count III - Breach of Covenant of Good Faith and Fair Dealing**
(Hartford)

44. St. Paul on Hartford's behalf incorporates herein by reference Paragraphs 1 through 26 above.

45. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 45 of the Complaint.

46. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 46 of the Complaint.

47. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 47 of the Complaint.

**COUNT IV - Action Against Performance Bond**
(St. Paul)

48. St. Paul on Hartford's behalf incorporates herein by reference Paragraphs 1 through 26 above.

49. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 49 of the Complaint.

50. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 50 of the Complaint.

51. St. Paul denies on Hartford's behalf the allegations contained in Paragraph 51 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's claim is barred by the statute of frauds.

### SECOND AFFIRMATIVE DEFENSE

Hartford does not have any liability to the plaintiff because neither the plaintiff nor Hartford signed any subcontract.

### THIRD AFFIRMATIVE DEFENSE

Hartford does not have any liability to the plaintiff because the plaintiff and Hartford never had a valid and enforceable contract.

### FOURTH AFFIRMATIVE DEFENSE

One or more of the claims asserted in the Complaint fails to state a claim upon which relief may be granted such claim(s) and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate its alleged damages.

WHEREFORE, the defendant, St. Paul Fire and Marine Insurance Company, on behalf of Hartford, respectfully requests that this Court enter judgment in its favor on all claims asserted

- 8 -

against Hartford by the plaintiff, and that the Court award Hartford its costs and such other relief as the Court deems just and appropriate.

          Respectfully submitted,

          ST. PAUL FIRE AND MARINE INSURANCE COMPANY on behalf of THE HARTFORD ROOFING COMPANY, INC.,

          By its attorneys,


          /s/ Thomas H. Hayman
          Bradford R. Carver (BBO#565396)
          Thomas H. Hayman (BBO#557279)
          Eric H. Loeffler (BBO#641289)
          CETRULO & CAPONE LLP
          Two Seaport Lane, 10th Floor
          Boston, MA 02210
          Tel:  (617) 217-5500
Dated:  March 4, 2005          Fax:  (617) 217-5200

- 9 -

## CERTIFICATE OF SERVICE

    I, Thomas H. Hayman, hereby certify that a true and accurate copy of the foregoing document was served via first class mail, postage prepaid, this 4th day of March, 2004, upon the following:

Stanley A. Martin, Esq.
Brett D. Carroll, Esq.
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116


    /s/ Thomas H. Hayman
Thomas H. Hayman (BBO#557279)